AB. N. VAN ALSTINE, Appellant, *v.* JAMES K. LEMONS, Administrator of Harvey St. John, Appellee.

### APPEAL FROM ST. CLAIR.

The statute of limitations of 1849 runs against a judgment of another State, rendered against a resident thereof, who had there died, where letters of administration have not been taken out in this State, within the period named as fixing the bar.

THE appellant before the Circuit Court where the case was pending, on appeal from the County Court, presented an account, and in order to sustain the second item of said account, produced the decree of the Surrogate Court of the county of New York. The defendant's counsel objecting, the court, *pro forma,* sustained the objection, and excluded the said decree as evidence. The appellant then introduced the judgments of the Circuit Court of Montgomery county, State of New York, and also the deposition of one George Smith, which the court admitted. It was further admitted, as evidence upon trial, that neither the appellant, A. N. Van Alstine, nor his intestate, Nicholas Van Alstine, nor Harvey St. John, of whom the appellee is administrator, had ever resided in the State of Illinois. The appellee interposed the statute of limitation, and the court, *pro forma,* allowed the defense, and gave judgment against the appellant for costs.

Motion for new trial made and overruled.

The errors assigned are, that the court below did not allow a new trial, and that it gave judgment for defendant, instead of for the plaintiff below.

G. KOERNER, for Appellant.

G. TRUMBULL and UNDERWOODS, for Appellee.

CATON, C. J.   The precise question which is presented by this record, was distinctly raised and expressly decided in the case of *Baker* v. *Brown*, 18 Ill. R. 91, and we deem it unnecessary to add anything in this place to the reasons there assigned. The decision there was, that the statute of limitations of 1849 did run against a judgment rendered in another State, against a resident of that State, who had there died, and where administration had not been taken out in this State till within the period limited by the statute for barring the cause of action. So the Circuit Court held in this case, and its judgment must be affirmed.

*Judgment affirmed.*